ORIGINAL

FILED IN CLERK'S OFFICE
U S D C   Atlanta

DEC 1 5 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE SANCHEZ, ) | |
|    Plaintiff ) | Civil Action |
| ) | File No. **1 06 CV 3050** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| LAW OFFICES OF ROSS GELFAND, ) | |
| LLC, AND ROSS GELFAND, ) | |
|    Defendants. ) | TWT |

## COMPLAINT

Plaintiff Suzanne Sanchez, by and through counsel, brings this action against the Defendants Law Offices of Ross Gelfand, LLC and Ross Gelfand on the grounds and in the amounts set forth herein.

### I. PRELIMINARY STATEMENT

1.  This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff institutes this action for actual damages, statutory damages, and attorney fees and the costs of this action against Defendants for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 *et seq.*

1

## II. PARTIES

2. Plaintiff is a natural person residing in Dunwoody, Dekalb County, Georgia.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Law Offices of Ross Gelfand, LLC is a Georgia Limited Liability Company engaged in the business of collecting debts in the state of Georgia.

5. Defendant Law Offices of Ross Gelfand, LLC may be served upon its registered agent Ross Gelfand, 1265 Minhinette Drive, Suite 150, Roswell, Georgia 30075.

6. Defendant Ross Gelfand is a Georgia licensed attorney and may be served at 1265 Minhinette Drive, Suite 150, Roswell, Georgia 30075.

7. Defendant Law Offices of Ross Gelfand, LLC is engaged in the business of collecting debts in the state of Georgia.

8. Defendant Law Offices of Ross Gelfand, LLC is engaged in the collection of debts from consumers using the mail and telephone.

9. Defendant Law Offices of Ross Gelfand, LLC regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant Law Offices of Ross Gelfand, LLC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. Defendant Ross Gelfand is engaged in the business of collecting debts in the state of Georgia.

12. Defendant Ross Gelfand is engaged in the collection of debts from consumers using the mail and telephone.

13. Defendant Ross Gelfand regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant Ross Gelfand is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15. Defendants Law Offices of Ross Gelfand, LLC and Ross Gelfand are hereinafter collectively referred to as "Gelfand".

16. The debt Defendants were attempting to collect upon was incurred for the personal, family, or household use of Plaintiff.

### III. JURISDICTION AND VENUE

17. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

18. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## IV.  STATUTORY STRUCTURE

19. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

20. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

21. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  15 U.S.C. § 1692a(5).

22. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

23. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

24. Defendants were engaged in collection activities on a credit card account issued by Eastern Financial Credit Union and First National Bank of Omaha which was opened by the Plaintiff for her consumer and household purposes.

25. Upon information and belief, the Plaintiff's credit card account went into default in approximately January 2004.

26. On or about May 23, 2006, the Defendants sent the Plaintiff an initial communication letter in an attempt to collect the debt. Exhibit 1.

27. Defendants May 23, 2006 letter to the Plaintiff stated in part: "If you notify this office, in writing, within 30 days from receiving this notice, that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor…"

28. The Defendants May 23, 2006 correspondence to the Plaintiff was false and misleading.

29. On or about May 25, 2006, Plaintiff received the Defendants May 23, 2006 letter.

30. On or about June 15, 2006, Plaintiff sent the Defendants a written request for validation of the debt.  Exhibit 2.

31. On June 16, 2006, the Defendants received the Plaintiff's written request for validation of the debt.  Exhibit 3.

32. Upon information and belief, on or about June 13, 2006, the Defendants telephoned the residence of the Plaintiff's sister in an attempt to collect the debt.

33. Upon information and belief, on or about June 13, 2006, the Defendants telephoned the residence of the Plaintiff's sister and asked to speak with Rik Sanchez, the Plaintiff's husband.

34. On or about June 13, 2006, Plaintiff's sister informed the Defendants that the Plaintiff's husband did not live there.

35. On or about June 13, 2006, the Defendants asked the Plaintiff's sister if she knew of the Plaintiff's husband.

36. On or about June 13, 2006, Plaintiff Suzanne Sanchez's sister informed the Defendants that she felt harassed by their call and then disconnected the call.

37. From approximately June 13, 2006 and continuing through November 2006, approximately twice per week, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt.

38. From approximately June 13, 2006 and continuing through November 2006, approximately twice per week, the Defendants telephoned Plaintiff's sister in an attempt to collect the debt and left an automated voice mail message regarding the debt.

39. On or about October 16, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

40. On or about October 18, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's

7

Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

41. On or about October 23, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

42. On or about October 31, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

43. On or about November 2, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

44. On or about November 7, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

45. On or about November 8, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding

an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

46. On or about November 22, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

47. On or about November 24, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

48. On or about November 25, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's

an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

46. On or about November 22, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

47. On or about November 24, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

48. On or about November 25, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's

Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

49. On or about November 27, 2006, the Defendants telephoned the Plaintiff's sister in an attempt to collect the debt and left the following automated voice message: "This is an important message from Attorney Ross Gelfand's Office. It is important that you return this call between the hours of 8:30 a.m. and 5:30 p.m. Eastern Standard time, Monday through Friday regarding an important business matter. The number is 1-800-899-4353. Once again the number is 1-800-899-4353."

50. Upon information and belief, the Defendants have never sent the Plaintiff a response to her request for validation of this debt.

51. Defendants' wrongful conduct has caused the Plaintiff severe emotional distress.

52. The Plaintiff has been seriously damaged by the Defendants' multiple violations of the FDCPA and she is entitled to actual damages, statutory damages, costs and attorneys fees.

## VI. CLAIMS FOR RELIEF

53. The Defendants violated the FDCPA by communicating with the Plaintiff's sister on more than one occasion, in violation of 15 U.S.C. § 1692b.

54. The Defendants violated the FDCPA by communicating with the Plaintiff's sister, without the Plaintiff's consent, in connection with the collection of the debt, in violation of 15 U.S.C. § 1692c(b).

55. The Defendants violated the FDCPA by using false, deceptive, and/or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

56. The Defendants violated the FDCPA by using false representations and/or deceptive means to attempt to collect on the debt, in violation of 15 U.S.C. § 1692e(10).

57. The Defendants violated the FDCPA by failing to cease collection of the debt, upon the consumer's written request disputing the debt within the thirty-day period, until such time that the debt collector obtained verification of the debt or a copy of a judgment and sent such verification to the consumer, in violation of 15 U.S.C. § 1692g(b).

58. As a result of the foregoing violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Suzanne Sanchez prays that judgment be entered against Defendants for the following:

(1) Actual damages in an amount to be determined by a jury;

(2) Statutory damages in the amount of $1,000.00 per defendant;

(3) Reasonable attorney's fees and costs;

(4) A jury trial on all issues so triable; and

(5) Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a Trial by Jury on all Issues.

Dated: December 15, 2006.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: /s/ Lisa D. Wright
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street NE, Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net